IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES LITTLEFIELD,

   Plaintiff,

    v.

AMERICAN RADIO,

   Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:03-cv-3882-RWS

## ORDER

 Now before the Court is Defendant's Motion for Summary Judgment

[35].  After considering the entire record, the Court enters the following Order.

### Background

 Plaintiff Charles Littlefield is a former employee of Defendant American

Radio, an automotive products sales and installation business which serves,

among others, automotive dealerships by providing installation of automotive

electronics, leather and sunroofs.  In September 2001, Plaintiff interviewed with

Vince Miller, a member of Defendant's management, who recommended that

he be hired for the position of Driver.  Fred Hill, the President of Defendant

American Radio, approved the hiring decision, although he had neither met nor

spoken with Plaintiff prior to giving his approval.  On September 10, 2001,

Plaintiff began work with Defendant.  As a Driver, Plaintiff's primary

responsibility was to pick up vehicles at various automotive dealerships,

transport those vehicles to Defendant's facilities where work was to be

performed, and upon completion of that work, return the vehicle to the

dealership.

        During his employment, Plaintiff was involved in incidents in which four

vehicles may have been damaged.  First, in February 2002, Plaintiff backed a

company-owned vehicle into a stationary object breaking a rear window and

causing approximately $150.00 worth of damage.  Second, at an unspecified

time, Plaintiff drove a vehicle off of a ramp while exiting Defendant's shop.

According to Plaintiff, he was forced to take evasive action when another

vehicle driven by an American Radio manager pulled in front of him, the

vehicle dropped only a few inches, and no damage was done to the vehicle.

Third, in August, Plaintiff was operating a vehicle when a tire blew.  Although

Plaintiff was not in any way at fault for that incident, Defendant's management

concluded upon inspection of the vehicle that Plaintiff had caused unnecessary damage to the rim by either striking a fixed object or by driving an excessive distance on the already-flattened tire.  Fourth, on August 20, 2003, Plaintiff damaged a new vehicle belonging to Tom Jumper Chevrolet, a company which Defendant regarded as a very important client, by driving the vehicle into the garage bay door.  This caused damage to the front fender of the vehicle which, inclusive of parts and labor, totaled $498.00.  It was this event which precipitated Plaintiff's termination, and it is undisputed that Mr. Hill was the sole decisionmaker in this regard.

At the time of his termination, Plaintiff was 75 years old.  Plaintiff now brings this action for discrimination under the Age Discrimination in Employment Act ("ADEA") alleging that he was terminated based on his age. Defendant has moved for summary judgment on all claims.

## Discussion

## I.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)) (internal quotations omitted).  Where the moving party makes such a showing, the burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

4

In determining a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  <u>Patton v. Triad Guar. Ins. Corp.</u>, 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (internal citations omitted); <u>see also</u> <u>Matsushita</u>, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts.").

## II.  Analytical Framework for Plaintiff's Discrimination Claim

The Age Discrimination in Employment Act ("ADEA") makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  The ADEA applies to individuals who are at least 40 years old.  29 U.S.C. § 631(a).  "When a plaintiff alleges disparate treatment, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.  That is, the plaintiff's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome."  Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) (O'Connor, J., concurring) (internal marks and citations omitted)).

"In an employment discrimination case, the plaintiff must produce sufficient evidence to support an inference that the defendant-employer based its employment decision on an illegal criterion."  Benson v. Tocco, Inc., 113 F.3d 1203, 1207 (11th Cir. 1997).  "In proving an age discrimination claim, a plaintiff can establish a prima facie case of discrimination through either direct evidence of discrimination or a variation of the four-part test outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d

668 (1973) for circumstantial evidence." <u>Damon v. Fleming Supermarkets of Fla., Inc.</u>, 196 F.3d 1354, 1358 (11th Cir. 1999).

In this case, Plaintiff presents no direct or statistical evidence that Defendant's decision to terminate his employment was motivated by discriminatory animus.  Therefore, Plaintiff relies on circumstantial evidence, and as such, the Court must assess his claims under the now familiar burden-shifting framework established in <u>McDonnell Douglas</u> and <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1527 (11th Cir. 1997).  "Under that framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination." <u>Id.</u> at 1527-28.  Generally, a plaintiff establishes a prima facie case of age discrimination by showing that he was (1) a member of the protected age group; (2) qualified for the position in question; (3) subjected to an adverse employment action; and (4) a similarly situated individual outside the protected class either replaced or was treated more favorably than the plaintiff. <u>Chapman</u>, 229 F.3d at 1024.  Establishing a prima facie case creates a presumption that the plaintiff was the victim of unlawful discrimination. <u>Id.</u> "If the trier of fact believes the plaintiff's

AO 72A
(Rev.8/82)

evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." Id.

Once the plaintiff has established his prima facie case, the employer must then come forward with evidence of a legitimate non-discriminatory reason for its decision. Id. "However, the employer's burden is merely one of production; it 'need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.' " Id. (quoting Burdine, 450 U.S. at 254-55).

When the employer expresses one or more legitimate reasons for its actions, the presumption of discrimination is eliminated, and the plaintiff must then "come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Id. (quoting Combs, 106 F.3d at 1528). "To show that the employer's reasons were pretextual, the plaintiff must demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies,

or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.' " <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 726 (11th Cir. 2004) (quoting <u>Combs</u>, 106 F.3d at 1538).  "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim."  <u>Chapman</u>, 229 F.3d at 1024-25.

## III.  Plaintiff's Prima Facie Case of Discrimination

Without question, Plaintiff has established the first two elements of his prima facie case.  First, Plaintiff was 73 years old at the time he was terminated, and as such, he is within the class of individuals protected under the ADEA.  Second, Plaintiff's termination from his position constitutes an adverse employment action.  Conceding these elements, however, Defendant argues that Plaintiff has failed to make out a prima facie case because (1) he was not qualified for the position; and (2) Plaintiff has failed to establish that he was either replaced by or treated less favorably than similarly situated employees outside the protected class.  The Court addresses each contention in turn.

## A.  The "qualified for the position" element

Defendant first contends that Plaintiff was not qualified for the position in question. With respect to Plaintiff's qualification, Defendant presents two arguments.  First, Defendant argues that Plaintiff "omitted, misrepresented, and fabricated significant information requested about his employment history." (Def.'s Mem. in Supp. of Mot. for Summ. J. [35-2] at 8.)  Specifically, Defendant argues that Plaintiff "failed to disclose" that, nearly 25 years ago, he was terminated by one employer for failure to follow procedures and by another for engaging in a confrontation with an employee of one of his employer's clients.  (Id.)  Additionally, Defendant contends that Plaintiff "misrepresented the dates he held prior positions" in an effort to "cover up the fact that he had omitted two employers who had terminated him and the reasons for his termination," and that Plaintiff "would not have been hired at American Radio if he had revealed his true employment history" because Defendant would have known that Plaintiff was unqualified for the position. (Id.)

Defendant's argument is not well-taken.  The record in this case clearly establishes that Defendant's "Application for Employment" requests only that applicants provide "information for your past four (4) employers, assignments,

10

or volunteer activities, starting with the most recent." (Def.'s Mot. for Summ. J. [35] Ex. 2.)  The application does not in any way require that a potential employee provide, in addition to the information already requested, any information related to prior terminations or the reasons therefor.  Plaintiff has testified that he provided the information requested--that is, his four previous employers--and this testimony is unrebutted.  As such, the Court declines to conclude that Plaintiff was not qualified for the position based on the information provided in his application.[1]

The Court turns now to Defendant's second argument.  Defendant contends that because Plaintiff was involved in accidents, he "utterly failed to meet performance expectations as a driver at American Radio." (Def.'s Mem. in Supp. of Mot. for Summ. J. [35-2] at 9.)  Defendant argues, therefore, that because he "[was] not  performing his duties to employer expectations, [Plaintiff] cannot show he was qualified for the position."  (Id. at 9, 11.)  Defendant has not, however, pointed to any objective criteria to show that

---

[1] For the same reasons, the Court would consider Defendant's after acquired evidence defense to be similarly without merit.  With respect to both arguments, the Court points out that Defendant's assertion that Plaintiff has "omitted, misrepresented, and fabricated significant information requested about his employment history" in an effort to "cover up" his prior terminations is wholly unsupported by the record.

Plaintiff failed to meet its expectations.  Rather, to establish that Plaintiff is not qualified,  Defendant relies solely on its subjective determination that Plaintiff's involvement in damaging a certain number of vehicles was unacceptable.  This is insufficient to defeat Plaintiff's prima facie case.

The law in this Circuit is that "subjective evaluations play no part in the plaintiff's prima facie case.  Rather, they are properly articulated as part of the employer's burden to produce a legitimate [age]-neutral basis for its decision, then subsequently evaluated as part of the court's pretext inquiry." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 769 (11th Cir. 2004).  As the Eleventh Circuit has explained, a contrary rule "cannot be squared with the structure and purpose of the McDonnell Douglas framework."  Id.  Moreover, allowing the consideration of such evidence "essentially require[s] a plaintiff to prove pretext as part of his prima facie case," a requirement that is irreconcilable "with the Supreme Court's instruction that the plaintiff's prima facie burden is not onerous."  Id.  (citing Patterson v. McLean Credit Union, 491 U.S. 164, 186, 109 S. Ct. 2363, 105 L. Ed.2d 132 (1989)).  Because the record demonstrates that Plaintiff had been employed by Defendant in the position of Driver for nearly two years prior to his termination, and there is no

12

evidence that he failed to satisfy the minimum objective qualifications for the

position, the Court concludes that he was qualified and defers consideration of

Plaintiff's job performance until the pretext stage of the <u>McDonnell Douglas</u>

analysis.  <u>See</u> <u>id.</u>, <u>Holifield v. Reno</u>, 115 F.3d 1555, 1562 n.3 (deferring

consideration of plaintiff's job performance to pretext stage of litigation).

**B.  The "replaced by" or "less favorably treated" element**

In an age discrimination case, the fourth prong of the plaintiff's prima

facie case can be established by showing that he was either replaced by, or

treated less favorably than, a substantially younger, but otherwise similarly

situated, employee.  <u>Knight v. Baptist Hosp. of Miami, Inc.</u>, 330 F.3d 1313,

1316 (11th Cir. 2003); <u>Wright v. Southland Corp.</u>, 187 F.3d 1287, 1291 n.3

(11th Cir. 1999) (an ADEA plaintiff "need only prove that he was replaced by

someone younger, regardless of whether the replacement is over 40."); <u>Damon</u>,

196 F.3d at 1360 (holding that an employee replaced by individual 5 years his

junior satisfied the "substantially younger" requirement).  In order to show that

employees are "similarly situated," the plaintiff must establish that the

"employees are similarly situated in all relevant aspects."  <u>Knight</u>, 330 F.3d at

1316.  Indeed, with respect to the level of similarity required, the Eleventh

Circuit has stated that to be similarly situated, the comparator-employee "must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004). "In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield, 115 F.3d at 1562. "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Id.

The parties dispute which employees may be considered as potential comparators. Defendant, for its part, contends that "[Plaintiff's] comparators are limited to those employees who reported to the same supervisors as plaintiff and has [sic] the same duties." (Def.'s Mem. in Supp. of Mot. for Summ. J. [35-2] at 14.) That is to say, Defendant argues that the Court may consider only the relative conduct and discipline of other Drivers who reported to Carter,

Miller, and Hill.[2]  (Id.)  Plaintiff responds that, because Defendant applies its "Damage to Vehicles Policy" to all employees without regard to position, "the analysis for determining whether [Defendant] terminated [Plaintiff] because of his age must focus on a comparison between [Plaintiff's] termination and [Defendant's] treatment of other employees who damaged vehicles at an equal or greater level of severity." (Pl.'s Mem. in Resp. to Mot. for Summ. J. [39-1] at 14.)

Of course, Plaintiff bears the burden of identifying at least one similarly situated, significantly younger individual who was treated more favorably. Holifield, 115 F.3d at 1562.  In determining whether an individual is similarly situated, the Court must consider, among other factors, the nature of the misconduct for which the employees were punished.  As such, the Court must assess the specific reasons for Plaintiff's termination and determine whether

---

[2]  Insofar as Defendant contends that only those employees who reported to the same supervisor may be considered, this position has been expressly rejected by the Eleventh Circuit.  See Anderson v. WBMG-42, 253 F.3d 561, 565-66) ("We also reject WBMG's position that . . . whenever two different supervisors are involved in administering the disciplinary actions, the comparators cannot as a matter of law be similarly situated.").  Defendant likewise argues that the set of pertinent comparators is limited to Drivers.  Because Plaintiff has failed to identify another similarly situated employee who was treated more favorably irrespective of position or supervisor, however, the Court need not determine whether only Drivers may be considered for comparison purposes.

other employees engaged in similar conduct.  In this regard, Plaintiff argues that

Defendant terminated his employment solely because he damaged too many

vehicles (Pl.'s Mem. in Opp'n to Mot. for Summ. J. [39-1] at 13) and points to

Wayne Martin and Carla Chieves as significantly younger individuals who

committed more serious misconduct and were not terminated.[3]  (Id. at 15-16.)

Defendant, on the other hand, counters that Mr. Hill made the decision to

terminate Plaintiff based on a number of factors, including the frequency with

which he damaged vehicles and, based on Plaintiff's statements to Mr. Carter

which were communicated to Mr. Hill, his "noncaring attitude about damaging

---

[3] Mr. Martin was a ten-year veteran employee of Defendant and occupied the position of Mobile Installer. (Hill Dep. at 25.) Defendant did not terminate him in 2002, after wrecking a company vehicle in a DUI accident, citing his years of service, valuable knowledge and experience, apologetic attitude, and the fact that his wife was terminally ill. (Hill Aff. ¶¶ 22-25.) At the time of his accident, Mr. Martin was 48 years old.  (Pl.'s Resp. to Mot. fo Summ. J. [39] Ex. J.)

Ms. Chieves, the daughter of another American Radio employee, was employed by Defendant as a Driver for approximately one month.  (Dutton Dep. 37; Chieves Dep. at 66.)  Viewing the evidence in a light most favorable to Plaintiff, Ms. Chieves was not immediately terminated for her involvement in two separate accidents–the second of which "totaled" a customer vehicle.  (Chieves Dep. at 17-18, 20, 25-26, 61; Dutton Dep. at 38-40, 43.)  Ms. Chieves was terminated when she failed to return from leave following her second accident (Chieves Dep. at 38-49; Dutton Dep. at 37-43), however substantial evidence indicates that subsequent to that time, Defendant learned,  contrary to its previous belief, Ms. Chieves was at fault in the second accident and would not have been allowed to return to work.  (Dutton Dep. at 40-42.)  At the time these incidents occurred, Ms. Chieves was 19 years old. (Chieves Dep. at 11, 16.)

16

the vehicle of a very good customer." (Def.'s Mem. in Supp. of Mot. for Summ. J. [35-2] at 16.)  As such, Defendant contends that Plaintiff has failed to identify any employee who engaged in similar conduct but was treated more favorably. (Id. at 13-15.)

Upon reviewing the evidence in this case, and considering it, as the Court is bound to do, in a light most favorable to Plaintiff, the Court finds that Plaintiff has failed to show any single similarly situated, substantially younger individual who was treated more favorably.  Mr. Hill, the undisputed sole decisionmaker in this case, testified that Mr. Carter informed him of the circumstances surrounding the accident which precipitated Plaintiff's termination, as well as statements made by Plaintiff just after the accident.[4] With respect to statements, Mr. Hill testified that Mr. Carter told him that

---

[4] Plaintiff challenges the consideration of these statements on hearsay grounds. These statements are not hearsay under Rule 801 because they are not offered for the truth of the matter asserted.  That is, the statements are not offered to show that Plaintiff actually made the statements, but rather for the purpose of explaining Mr. Hill's decision to terminate Plaintiff.  See Luckie v. Ameritech Corp., 389 F.3d 708, 716 (7th Cir. 2004) (holding statements by others to decisionmaker regarding plaintiff's performance nonhearsay where statements are offered to show decisionmaker's state of mind at the time the decision to terminate the plaintiff was made); cf. Boex v. OFS Fitel, LLC, 339 F. Supp. 2d 1352, 1367 (N.D. Ga. 2004) (considering hearsay statements under Federal Rule of Evidence 803 "for the limited purpose of explaining [decisionmaker's] intent or state of mind when he made the decision to terminate Plaintiff.").

17

Plaintiff stated, "Screw it, that's why we have insurance, or words to that effect."[5]  (Hill Dep. at 62-63, 71.)  Mr. Hill further testified that he considered this response "absolutely absurd" and as demonstrating a "noncaring attitude about damaging a very, very good customer's new vehicle." (Id. at 60, 62; Hill Aff. ¶¶ 9, 14.)  Mr. Hill considered these statements, along with the number of vehicles damaged and the circumstances surrounding their damage, relevant in his decision to terminate Plaintiff.  (Hill Aff. ¶¶ 9, 14.)

To be sure, Plaintiff vigorously denies making these statements. Nevertheless, the sworn testimony from Mr. Hill indicates that the statements were communicated to him by Mr. Carter, and that he considered them relevant in making his decision to terminate Plaintiff's employment.  (Hill Dep. at 71; Hill Aff. ¶¶ 9, 14.)  An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."  Nix v. WLCY Radio/Rahall

---

[5]  According to Mr. Carter's deposition testimony, after witnessing the accident which precipitated Plaintiff's termination, he had a conversation with Plaintiff in which he informed Plaintiff that "this is not good.  This is going to be a problem."  Plaintiff responsed, "[F]uck it.  It don't matter.  They have a body shop." (Carter Dep. at 59.)  He further testified that when he pressed Plaintiff and informed him that this accident would be "a customer relations problem," Plaintiff repeated, "[F]uck it.  They've got a body shop."  (Id.; see also id. at 77-78.)  Mr. Carter also testified that these statements, along with the circumstances of the accident, were conveyed to Mr. Hill.  (Id. at 41-42.)

Commc'n, 738 F.2d 1181, 1187 (11th Cir. 1984). "An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct." Damon, 196 F.3d at 1363 n.3; see also Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (explaining that "no matter how mistaken [a] firm's managers, the ADEA does not interfere").

Because Mr. Hill believed Plaintiff made the above statements and considered them, along with the number of vehicles that Plaintiff damaged during his two years of employment, in his decision to terminate Plaintiff's employment, Plaintiff must identify another individual who engaged in similar conduct and was treated more favorably.[6]  In this regard, Plaintiff points only to Mr. Martin and Ms. Chieves as similarly situated individuals. Critically, neither

---

[6] Plaintiff argues that Defendant terminated him solely for damaging "too many company vehicles." (Pl.'s Mem. in Opp'n to Mot. for Summ. J. [39-1] at 13 & n. 2.) In support of that contention, Plaintiff relies upon his Separation Notice and other documentation provided to the Georgia Dept. of Labor.  It is certainly true that these documents reflect damage to vehicles as the reason for his discharge.  These documents, however, were neither prepared by the decisionmaker nor completed at his direction. Moreover, they are not inconsistent with Defendant's proffered reason and do not purport to be an exhaustive list of the factors which motivated Mr. Hill in deciding to terminate Plaintiff's employment.  In view of these facts, the Court does not believe that these documents either create a genuine issue as to Defendant's basis for terminating Plaintiff or preclude it from considering Plaintiff's allegedly inappropriate response to damaging the vehicle of a valuable customer.

AO 72A
(Rev.8/82)

individual made statements which management understood as demonstrating a similarly indifferent attitude about damaging a vehicle and the implications that such damage may have on the company's ability to retain valuable customers. Therefore, neither engaged in conduct similar to that for which Plaintiff was terminated.  As such, Plaintiff has failed to identify any younger employee who is "similarly situated in all relevant aspects" but was treated more favorably.[7] Knight, 330 F.3d at 1316.  Accordingly, the Court concludes that Plaintiff has failed to meet his initial burden of establishing a prima facie case of unlawful discrimination by a preponderance of evidence.

### IV.  Pretext

Even assuming that Plaintiff could successfully make out a prima facie case of discrimination, the Court would conclude that Plaintiff has failed to offer sufficient evidence to rebut Defendant's legitimate nondiscriminatory reason and allow a reasonable fact finder to conclude that the proffered reason

---

[7] The Court declines to consider Mr. Martin as a comparator for the additional reason that his position, relevant knowledge and experience, work record, and years of service to the company, differ significantly from those of Plaintiff.  Accordingly, even if he had engaged in similar conduct, Mr. Martin could not be considered "similar in all relevant aspects" such that the Court could consider him in assessing Plaintiff's prima facie case.

was mere pretext for discrimination.  Beyond that evidence upon which Plaintiff

relies to establish his prima facie case, Plaintiff points only to (1) the absence of

disciplinary notations in his personnel file and (2) the fact that he was not

charged for damage to the vehicles under a company "Damage to Vehicle

Policy" to support his contention that he was the victim of age discrimination.

(Pl.'s Mem. in Opp'n to Mot. for Summ. J. [39-1] at 18.)

But, this evidence neither contradicts Defendant's legitimate

nondiscriminatory reason, nor supports, in any way, Plaintiff's contention that

he was discharged because of his age.  First, Plaintiff has failed to establish that

disciplinary actions were typically recorded in other employees' personnel files

such that the absence of disciplinary notations could be construed as, in fact,

reflecting the absence of conduct deemed unacceptable by the employer.

Therefore, the lack of any notations in Plaintiff's personnel file is of dubious

import.  Second, the fact that Plaintiff was not charged for damage to vehicles

under the policy does not support his contention that the decision to terminate

his employment was based on his age.  As an initial matter, Plaintiff has failed

to establish, based on application of the policy to other employees, that the

Defendant's decision to recover costs under the policy in any way reflects a

AO 72A
(Rev.8/82)

determination of culpability.  Moreover, it is clear from the record that Plaintiff had not been charged for damage to vehicles in the past--even when his fault in causing that damage was undisputed.  As such, the Court views this evidence as indicating, if anything, that Defendant elected to waive cost assessments to which it was entitled under company policy.  Considering this evidence, along with that propounded in support of Plaintiff's prima facie case, the Court concludes that Plaintiff has failed to present sufficient evidence for a reasonable juror to conclude that the decision to terminate his employment was based on his age.  Therefore, Defendant is entitled to summary judgment.

## V.  Defendant's Request for Attorney's Fees and Costs

The Court turns now to Defendant's request for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 11.  Even assuming Plaintiff's claim merited sanctions, which the Court does not believe that it does, the record is entirely devoid of any evidence reflecting compliance with the procedural requirements of Rule 11.  As such, Defendant's request is denied.

AO 72A
(Rev.8/82)

**Conclusion**

For the reasons stated herein,  Defendant's Motion for Summary

Judgment [35] is hereby **GRANTED**.


**SO ORDERED** this   20th   day of March, 2006.


/s/ Richard W. Story

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

23